Erol TÜREDI, Yusuf Karakoç, Mustafa Akkin, Can Akkin, Ahmet Çakmak, Fahrettin Takici, Resul Güçlü, Ali Gülen, Çidem Gülen, Hamdi Çulhan, Fatih Dilbaz, Zeynep Sibel Dilbaz, Osman Kör, Ali Tezcan, Turgut Gezer, Fahrettin Pompa, Sevcan Pompa, Yesim Pompa, Ebru Pompa, Erol Balci, Havva Balci, Av Ayhan Eerkan, Ali Riza Küçúkosmanoglu, Plaintiffs–Appellants,

v.

The COCA–COLA COMPANY, Coca–Cola Export Corporation, Coca–Cola Icecek, A.S., Defendants–Appellees,

Corporate Does, Defendants.

No. 06–5464–cv.

United States Court of Appeals, Second Circuit.

July 7, 2009.

Christian Levesque, Conrad & Scherer, LLP (Terrence P. Collingsworth and Natacha Thys, the brief), Washington, DC, for Appellant.

Faith E. Gay, Quinn Emanuel Urquhart Oliver & Hedges, LLP (Kathleen M. Sullivan, Sanford I. Weisburst, Isaac Nesser and Jordan Fletcher, on the brief), New York, N.Y. for Appellee.

Present: ROGER J. MINER, and RICHARD C. WESLEY, Circuit Judges, and TIMOTHY C. STANCEU,* Judge.

## SUMMARY ORDER

Plaintiff–Appellants, citizens of Turkey, commenced this action in the Southern District of New York asserting claims under the Alien Tort Statute ("ATS"), 28 U.S.C. § 1350, the Torture Victim Protection Act ("TVPA"), 28 U.S.C. § 1350 note, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, and New York common law and statutory causes of action. The district court (Marrero, *J.*) granted the motion of Defendant–Appellees Coca–Cola Company ("Coca Cola"), Coca–Cola Export Corporation ("CCEC"), and Coca–Cola Icecek, A.S. ("CCI") to dismiss the complaint on *forum non conveniens* grounds. We assume the parties' familiarity with the underlying facts and the procedural history of the case, as well as the issues on appeal. *See Turedi v. Coca Cola Co.*, 460 F.Supp.2d 507, 509–511 (S.D.N.Y.2006).

Under the common-law doctrine of *forum non conveniens*, a court has the power to dismiss a case where that case would be more appropriately brought in a foreign court. *See Sinochem Int'l Co., Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 429–30, 127 S.Ct. 1184, 167 L.Ed.2d 15 (2007). The doctrine "finds its roots in the inherent power of the courts 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Monegasque de Reassurances S.A.M. v. NAK Naftogaz of Ukraine*, 311 F.3d 488, 497 (2d Cir.2002) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991).) "'The principle of forum non convenience is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute.'" *Id.* (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)).

Our review of a district court's dismissal on *forum non conveniens* grounds is very limited. *See Iragorri v. United Techs. Corp.*, 274 F.3d 65, 72 (2d Cir.2001) (en banc). We have previously recognized that "[t]he decision to dismiss a case on *forum non conveniens* grounds lies wholly within the broad discretion of the district court and may be overturned only when we believe that discretion has been *clearly abused*." *Id.* (internal quotation marks omitted). This limited review "encompasses the right to determine whether the dis-

---

* The Honorable Timothy C. Stanceu of the United States Court of International Trade, sitting by designation.

trict court reached an erroneous conclusion on either the facts or the law, or relied on an incorrect rule of law in reaching its determination." *Id.* (internal citations and quotation marks omitted). "A district court abuses its discretion in granting a *forum non conveniens* dismissal when its decision (1) rests either on an error of law or on a clearly erroneous finding of fact, or (2) cannot be located within the range of permissible decisions, or (3) fails to consider all the relevant factors or unreasonably balances those factors." *Norex Petroleum, Ltd. v. Access Indus.*, 416 F.3d 146, 153 (2d Cir.2005) (internal quotation marks omitted). In addressing a motion to dismiss for *forum non conveniens,* courts must consider: (1) the degree of deference afforded to the plaintiff's choice of forum; (2) whether the alternative forum is adequate; and (3) the balance of the public and private interests implicated in the choice of forum. *See id.*

It is well settled in this Circuit that a foreign plaintiff's choice of forum deserves less deference than the same choice by a domestic plaintiff. *See Iragorri,* 274 F.3d at 71–72 (citing *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255–56, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981)). As a general matter, a district court should consider the degree to which the plaintiff or the lawsuit has a bona fide connection to the United States and to the forum of choice, and the degree to which considerations of convenience favor the conduct of the lawsuit in the United States. *Id.* at 72. The more specific factors arguing against dismissal on *forum non conveniens* grounds include convenience of the plaintiff's residence in relation to the chosen forum, the availability of witnesses or evidence to the forum district, the defendant's amenability to suit in the forum district, and the availability of appropriate legal assistance. *Id.* Factors favoring *forum non conveniens* dismissal include the degree to which

it appears that the plaintiff's choice of a U.S. forum was motivated by forum-shopping reasons—such as attempts to win a tactical advantage resulting from local laws that favor the plaintiff's case, the habitual generosity of juries in the United States or in the forum district, the plaintiff's popularity or the defendant's unpopularity in the region, or the inconvenience and expense to the defendant resulting from litigation in that forum.

*Id.*

■ Here, as the district court correctly recognized, none of the plaintiffs are U.S. citizens, and defendant CCI is a Turkish company with its principal place of business in Istanbul and has no alleged contact to the United States. The district court further noted that "[t]he underlying injuries Plaintiffs assert stem from their alleged assaults and arrests by the Turkish police arising from their labor dispute with Trakya and CCI in Istanbul." *Turedi,* 460 F.Supp.2d at 522. We agree that such "facts give rise to a strong inference that forum-shopping considerations served as a substantial motivation in plaintiffs' venue choice in [the Southern] District." *Id.* Accordingly, the district court was not required to grant special deference to plaintiffs' choice of a New York forum.

We next address whether an alternative and adequate forum exists. "An alternative forum is adequate if the defendants are amenable to service of process there, and if it permits litigation of the subject matter of the dispute." *Norex Petroleum Ltd.,* 416 F.3d at 157 (quoting *Pollux Holding Ltd. v. Chase Manhattan Bank,* 329 F.3d 64, 75 (2d Cir.2003)); *Bank of Credit & Commerce Int'l (Overseas) Ltd. v. State Bank of Pakistan,* 273 F.3d 241, 246 (2d Cir.2001). A forum may be deemed inadequate if it is "characterized

by a complete absence of due process or an inability of the forum to provide substantial justice." *Monegasque de Reassurances S.A.M.*, 311 F.3d at 499.

 We conclude that the record amply supports the district court's decision concerning the availability and adequacy of a Turkish forum in this case and that it properly rejected Plaintiffs' conclusory and unsupported allegations that the Turkish justice system is corrupt. *See generally Monegasque de Reassurances S.A.M.*, 311 F.3d at 499 ("We have been reluctant to find foreign courts 'corrupt' or 'biased.' "). It is beyond dispute that Turkey is an available forum in this case. Each defendant has agreed that, if plaintiffs "commence litigation in Turkey arising out of the circumstances and general claims asserted" in this case, it will (a) accept service of process and the Turkish court's exercise of personal jurisdiction; (b) not assert statute of limitations defenses in Turkey that would be unavailable here; and (c) satisfy any final judgment issued by a Turkish court. The district court also acted within its discretion in concluding that Turkey was an adequate forum. The court appropriately relied on the uncontradicted declarations of three Turkish law experts who explained that "Turkish law contains various substantive provisions and procedures under which Plaintiffs can pursue claims and obtain remedies for the forms of misconduct Plaintiffs allege against Defendants, and can be awarded both monetary and injunctive relief." *Turedi*, 460 F.Supp.2d at 524; *see also Mercier v. Sheraton Int'l., Inc.*, 981 F.2d 1345, 1350–54 (1st Cir.1992) (rejecting alleged inadequacies of Turkish courts in context of *forum non conveniens* dismissal).

 The last step of the *forum non conveniens* inquiry requires a district court to analyze both the private and public interest factors discussed in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). The private interest factors, which concern the convenience of the parties, include "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Iragorri*, 274 F.3d at 73–74 (quoting *Gilbert*, 330 U.S. at 508, 67 S.Ct. 839) (internal quotation marks omitted). "In considering these factors, the court is necessarily engaged in a comparison between the hardships defendant would suffer through the retention of jurisdiction and the hardships the plaintiff would suffer as the result of dismissal and the obligation to bring suit in another country." *Id.* at 74. The public interest factors include congestion in the courts, having local controversies decided locally, not imposing jury duty on people in a community that has no interest in the litigation, and avoiding the difficulty of applying foreign law. *See id.* (citing *Gilbert*, 330 U.S. at 508–09, 67 S.Ct. 839). We conclude that the district court properly exercised its broad discretion in carefully reviewing and balancing the *Gilbert* private and public interest factors. Moreover, we agree with the conclusion reached by the district court—that the *Gilbert* factors strongly counsel in favor of adjudicating the present dispute in Turkey.

We have reviewed plaintiffs' remaining contentions and find them to be without merit. Accordingly, for the reasons set forth above, the judgment of the district court is hereby

**AFFIRMED.**